UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MASTER SADDLES, LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>CARLOS RENATO, an individual, *aka* CARLOS PACENTE DE PAULA,<br><br>        Defendant. | Civil Action No. 3:23-cv-1597<br><br>JURY DEMANDED |

**COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION**

Plaintiff Master Saddles, LLC alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for trademark infringement, unfair competition, and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for contributory trademark infringement and unfair competition; and for related claims of trademark infringement and unfair competition under Texas common law.

2. Plaintiff seeks injunctive and monetary relief.

**PARTIES, JURISDICTION & FORUM**

3. Plaintiff Master Saddles, LLC ("Master Saddles") is a California limited liability company with its headquarters in the State of California, San Diego County.

4. Upon information and belief, Defendant Carlos Renato ("Renato") is an individual who, at all times relevant, has resided in the State of Texas, Dallas County.

5. Defendant Carlos Renato also goes by the name Carlos Pacente de Paula.

6. The Court has personal jurisdiction over Renato because he permanently resides in this District.

7. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

8. Venue is proper in this District because Defendant resides in this District.

## GENERAL ALLEGATIONS
### The Master Saddles Mark

9. Master Saddles is the exclusive North American distributor for Brazilian saddle manufacturer Nacional Indústria E Comércio De Selas Do Brasil Ltda. ("Selas Do Brasil").

10. Selas Do Brasil markets and sells its saddles outside of North America under the mark MASTER SELAS.

11. In North America, Master Saddles markets and sells saddles manufactured by Selas Do Brasil under the mark MASTER SADDLES.

12. Master Saddles is Selas Do Brasil's exclusive U.S. licensee for the trademarks MASTER SADDLES and MASTER SADDLES M design mark, which marks are registered with the United States Patent & Trademark Office by Selas Do Brasil. U.S. Reg. No. 6,227,031; 6,227,516.

13. Master Saddles has been assigned all rights to claims and causes of action accruing before it became the exclusive licensee of the MASTER SADDLES mark.

14. Master Saddles is authorized to exercise any and all rights in the MASTER SADDLES mark, including to enforce such rights in courts of the United States.

15. Master Saddles and its predecessors in interest have continuously and exclusively used the MASTER SADDLES mark in interstate commerce throughout the United States since at least March 2000.

16. The English translation of the Portuguese word "selas" is "saddles."

17. The English equivalent of MASTER SELAS is MASTER SADDLES.

18. Portuguese is a common language spoken in the United States.

19. Moreover, an appreciable number of relevant consumers either speak Portuguese, would recognize selas as meaning saddle because of its use on a saddle, or would stop and look-up the translation of the term "selas."

20. A significant portion of Master Saddles' target market consists of participants on amateur and professional rodeo circuits as well as horse trainers and riding coaches, of which Brazilians (and, thus, Portuguese speakers) are prominently represented.

21. Under the doctrine of foreign equivalents, the two brands are identical.

22. Master Saddles' mark is an inherently distinctive mark when used in relation to saddles and is well known to both the consuming public and in Master Saddles' trade.

23. As a result of its widespread, continuous, and exclusive use of the MASTER SADDLES mark to identify its goods, and Master Saddles as their source, Master Saddles owns valid and subsisting common law rights to the MASTER SADDLES mark in the United States.

24. Master Saddles and its predecessors have expended substantial time, money, and resources marketing, advertising, and promoting the goods sold under the MASTER SADDLES mark.

25. The goods Master Saddles offers under the MASTER SADDLES mark are of high quality and are known for such in the barrel racing realm.

26. As a result of Master Saddles' expenditures and efforts, the MASTER SADDLES mark has come to signify the high quality of the goods designated by the MASTER SADDLES mark, and has acquired incalculable distinction, reputation, and goodwill.

27. Master Saddles presently sponsors ten professional barrel racers.

28. Due to the quality of the goods and the success of the sponsored racers, Master Saddles' goods sold under the MASTER SADDLES mark have become incredibly popular in the barrel racing world.

29. Master Saddles and its predecessors have scrupulously and successfully enforced and protected the MASTER SADDLES mark against past infringements.

**Defendant Carlos Renato's Unlawful Conduct**

30. Defendant Carlos Renato is a professional barrel racer.

31. Renato operates a business training and selling horses.

32. Renato is Brazilian.

33. Renato speaks Portuguese.

34. In about 2021, Renato began offering for sale in U.S. commerce saddles branded with the mark MASTER SELAS.

35. Renato began appearing at rodeos and barrel racing competitions across the country with the tack compartment of his horse trailer full of MASTER SELAS-branded saddles.

36. Upon information and belief, Renato purchased and imported the saddles from ProTec Horse, a Brazilian retailer of horse tack and other equine products.

37. Selas Do Brasil produces some saddles for ProTec Horse but the saddles are substantially and materially different from those sold by Master Saddles in North America under the MASTER SADDLES mark.

38. ProTec Horse offers saddles from other manufacturers as well.

39. Selas Do Brasil is contractually bound to prohibit importation of its saddles bearing the MASTER SELAS mark into the United States.

40. ProTec Horse is not authorized to import and sell saddles bearing the MASTER SELAS mark in the United States.

41. Neither Master Saddles nor Selas Do Brasil have consented to Renato's importation or sale of saddles bearing the MASTER SADDLES or MASTER SELAS marks.

42. The saddles sold by Renato are materially different from the saddles sold in the United States by Master Saddles.

43. In particular, Renato's saddles are manufactured with a different saddle tree than those produced for Master Saddles.

44. In addition, the warranty and customer support provided by Master Saddles for its MASTER SADDLES products are different from and superior to the warranty and customer support provided by Renato for his saddles.

45. Upon information and belief, Renato's saddles are marked with ProTec Horse's trademark in addition to the MASTER SELAS mark.

46. Renato's saddles bearing the MASTER SELAS mark are not genuine goods because they are materially different from Master Saddle's saddles and are not authorized for sale in the United States.

47. These differing characteristics are likely to confuse or deceive the public that the characteristics of Renato's saddles are associated with the products sold by Master Saddles.

48. Renato's saddles bearing the MASTER SELAS mark are gray-market goods.

49. Nevertheless, Renato began promoting his goods under the MASTER SELAS mark as identical to Master Saddles' goods sold under the MASTER SADDLES mark.

50. Renato's goods under the MASTER SELAS mark are not identical to Master Saddles' goods under the MASTER SADDLES mark.

51. Renato's actions are likely to cause confusion among consumers.

52. Renato is aware of Master Saddles' rights in the MASTER SADDLES marks.

53. Several of Renato's customers who have purchased MASTER SELAS saddles from him have communicated with Master Saddles under the mistaken belief that they had purchased a saddle from Master Saddles.

## COUNT ONE
### (Trademark Infringement under 15 U.S.C. § 1125(a))

54. Master Saddles realleges all other allegations in this Complaint.

55. Master Saddles is the exclusive U.S. distributor of saddles made by Selas Do Brasil and the exclusive licensee of the trademark MASTER SADDLES.

56. Defendant Carlos Renato is using in commerce the mark MASTER SADDLES and the confusingly similar mark MASTER SELAS.

57. Master Saddles' use of the MASTER SADDLES mark precedes Renato's use of the marks.

58. Renato's unauthorized use in commerce of the marks MASTER SADDLES and MASTER SELAS is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Renato's goods, and is likely to cause consumers to believe, contrary to fact, that Renato's goods are sold, authorized, endorsed, or sponsored by Master Saddles, or that Renato is in some way affiliated with or sponsored by Master Saddles.

59. Renato's conduct constitutes trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

60. Renato committed the foregoing acts of infringement with full knowledge of Master Saddles' prior rights in the MASTER SADDLES mark.

61. Renato committed the foregoing acts of infringement with willful intent to cause confusion and trade on Master Saddles' goodwill.

62. Renato's conduct is causing immediate and irreparable harm and injury to Master Saddles, and to its goodwill and reputation, and will continue to both damage Master Saddles and confuse the public unless enjoined by this court. Master Saddles has no adequate remedy at law.

63. Master Saddles is entitled to, among other relief, injunctive relief and an award of actual damages, Renato's profits, enhanced damages, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest. This is an exceptional case, and Master Saddles is also entitled to its reasonable attorney fees. 15 U.S.C. § 1117(a).

## COUNT TWO
### (Unfair Competition under 15 U.S.C. § 1125(a))

64. Master Saddles realleges all other allegations in this Complaint.

65. Defendant Carlos Renato's use in commerce of the MASTER SELAS and MASTER SADDLES marks is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Renato's offerings, and is likely to cause consumers to believe, contrary to fact, that Renato's offerings are sold, authorized, endorsed, or sponsored by Master Saddles, or that Renato is in some way affiliated with or sponsored by Master Saddles.

66. Renato's use in commerce of the MASTER SELAS mark constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67. Renato's conduct is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Renato with Master Saddles.

68. Renato's conduct is causing immediate and irreparable harm and injury to Master Saddles, and to its goodwill and reputation, and will continue to both damage Master Saddles and confuse the public unless enjoined by this court. Master Saddles has no adequate remedy at law.

69. Master Saddles is entitled to, among other relief, injunctive relief and an award of actual damages, Renato's profits, enhanced damages, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest. This is an exceptional case, and Master Saddles is also entitled to its reasonable attorney fees. 15 U.S.C. § 1117(a).

## COUNT THREE
### (Common Law Trademark Infringement and Unfair Competition)

70. Master Saddles realleges all other allegations in this Complaint.

71. Defendant Carlos Renato's conduct violates Master Saddles' common law trademark rights and constitutes unfair competition.

72. The public recognizes Master Saddles as the source of goods containing the MASTER SADDLES mark.

73. Renato's actions are likely to cause confusion, or mistake, or to deceive as to Renato's affiliation, connection, or association with Master Saddles, or as to the origin, sponsorship, or approval of its commercial activities.

74. Renato committed these acts maliciously and in conscious disregard of Master Saddles' rights.

**REQUEST FOR RELIEF**

WHEREFORE Plaintiff Master Saddles, LLC requests entry of judgment against Defendant Carlos Renato as follows:

  A. For declaratory relief finding that Defendant's activities complained of herein are unlawful under federal and state law;

  B. For an award of actual damages to compensate Plaintiff for its losses, damage to its business reputation, and/or lost sales and profits caused by Defendant's unlawful conduct;

  C. For an award up to three times the amount of actual damages pursuant to 15 U.S.C. § 1117;

  D. For an award in an amount equal to Defendant's profits attributable to his unlawful conduct;

  E. For an award of punitive damages in an amount appropriate to punish Defendant for his intentional and/or reckless disregard of Plaintiff's rights, and to deter Defendant and others similarly situated from engaging in such misconduct in the future;

  F. For an award of attorney fees and costs under 15 U.S.C. § 1117.

  G. For an award of pre- and post-judgment interest on any ultimate award to the maximum amount permitted by law;

  H. For preliminary and permanent injunctive relief ordering Defendant and his employees, agents, officers, directors, attorneys, successors, affiliates, parents, subsidiaries, and assigns, and any and all persons or entities in active concert with them, to:

    i) Immediately cease and desist from engaging in any further acts of trademark infringement and unfair competition including, without limitation, offering, marketing,

advertising, promoting, or authorizing any third party to offer, market, advertise, or promote any goods or services bearing the MASTER SELAS mark or any other mark that is a confusingly similar variation or colorable imitation of Plaintiff's MASTER SADDLES mark;

        ii)      Immediately cease and desist from making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's offerings are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's offerings are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

        iii)      Refrain from registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark MASTER SADDLES or any other mark that infringes or is likely to be confused with Plaintiff's MASTER SADDLES mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

        iv)      Immediately cease and desist from assisting, aiding, or abetting any third person or entity in doing any act prohibited by the above-referenced subparagraphs; and

        I.      For such other and further relief as is proper and just.

## JURY TRIAL DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38, Fed. R. Civ. P.

Respectfully submitted,

July 18, 2023

*/s/ John M. Cone*
John M. Cone
Texas State Bar No. 04660100
jcone@fbfk.law
Tory A. Cronin
Texas State Bar No. 24055362

tcronin@fbfk.law
**FERGUSON BRASWELL FRASER KUBASTA PC**
2500 Dallas Parkway, Suite 600
Plano, Texas 75093
(972) 378-9111
(972) 378-9115 Fax

Maria Crimi Speth (AZBN 012574)
mcs@jaburgwilk.com
(*Pro Hac Vice* application forthcoming)
Aaron K. Haar (AZBN 030814)
akh@jaburgwilk.com
(*Pro Hac Vice* application forthcoming)
**JABURG & WILK, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
(602) 248-1000

*Attorneys for Plaintiff*